IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WILLIAM GRAYSON,**

   **Plaintiff,**

v.                  **Civil Action No. 5:11cv2**
                         **(Judge Stamp)**

**FEDERAL BUREAU OF PRISONS,**

   **Defendant.**

## OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

The *pro se* plaintiff filed a civil complaint against the above named defendant on January 3, 2011. The undersigned granted him in forma pauperis status on February 7, 2011. Plaintiff paid his initial partial filing fee on March 7, 2011. [Dckt 14] After completing a preliminary review, the undersigned issued an Order to Answer. [Dckt 15]. Defendant filed a Motion to Dismiss, or in the Alternative, for Summary Judgment on May 23, 2011. [Dckt. 23].

Because the plaintiff is proceeding without counsel, on May 24, 2011, the Court issued a Roseboro Notice advising the plaintiff of his right to file a response to the defendant's motion. [Dckt. 35]. The plaintiff filed his a Motion for Default Judgment on June 20, 2011. [Dckt 28] Defendant responded on June 22, 2011. [Dckt 29]

### II. Contentions of the Parties
**A. The Complaint**

In the complaint, the plaintiff alleges that the defendant Bureau of Prisons ("BOP") is maintaining inaccurate information in his Inmate Central File categorizing him as a sex offender in

violation of the Privacy Act, 5 U.S.C. § 552a(e). The plaintiff further alleges that the BOP's inappropriate use of the sex offender categorization resulted in adverse determinations against him including (1) the application of a Public Safety Factor ("PSF") for Sex Offender, (2) raising his security and custody classification, and (3) requiring that he register as a sex offender upon release.

The plaintiff seeks monetary damages in excess of one million dollars, the removal of inaccuracies from his Inmate Central File, an adjustment of his custody classification points, and the removal of the PSF.

**B.  The Defendant's Motion**

In the defendant's memorandum in support of its motion, the defendant asserts the that the plaintiff fails to state a claim for which relief can be granted because

> (1) the plaintiff has no cause of action under the Privacy Act because the BOP has exempted inmate records from the relevant provision of the Privacy Act;
> (2) the plaintiff's Inmate Central File has been updated with a notation clarifying his challenged criminal history;
> (3) the application of a Sex Offender PSF is appropriate;
> (4) the plaintiff has no liberty interest in a particular custody classification; and
> (5) the plaintiff is not subject to the Sex Offender Notification and Registration Program as a result of the application of a PSF.

**C. Plaintiff's Response/Motion for Default Judgment**

In his response, plaintiff seeks default judgment in his favor claiming that the defendant failed to timely "plead or otherwise." The plaintiff further seeks summary judgment and damages.

The plaintiff claims that the corrective notation in his ICF is an insufficient corrective measure that continues to result in adverse determinations against him. The plaintiff then reiterates much of his prior arguments and argues that his claims are valid.

Additionally, the plaintiff alleges that he previously was denied access to the TRULINKS

e-mail system, which he claims is further evidence of adverse determinations against him.

D. **Defendant's Response**

In its response, the defendant asserts that the plaintiff "does not have a constitutional right to access the inmate e-mail program." [Dckt 29] Essentially, the defendant holds that the plaintiff fails to establish a constitutional claim, and his new claim fails as a matter of law.

### III. Standards of Review

A. **Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must "contain more than labels and conclusions"

3

or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citations omitted), to one that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, adopted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. *Id.*

**B. Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. *Id.* at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

### IV. Analysis

**A. Plaintiff's Motion for Default Judgment**

The plaintiff alleges that the defendant failed to timely plead by filing its responsive pleading "five days tardy." [Dckt 28] Final service upon the defendant was completed on March 31, 2011. [Dckt 20] The defendant had sixty (60) days within service to respond, and filed its answer on May 23, 2011. The record shows defendant's answer was timely made. Plaintiff's motion for default judgment is rendered moot by the record showing a timely response and answer.

Furthermore, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . and that fact is made to appear by affidavit or otherwise, the Clerk shall enter the party's default."

5

However, "[n]o judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." Fed.R.Civ.P. 55(e).

Even if the defendant failed to respond timely, the plaintiff has not met the evidentiary burden required of a Rule 55(a) default judgment.

**B. Privacy Act Claim**

The plaintiff alleges that he is entitled to relief under the Privacy Act because the BOP inaccurately categorized him as a sex offender in his IFC.

The Privacy Act provides that "[e]ach agency that maintains a system of records shall . . . maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination . . . ." 5 U.S.C. § 552a(e)(5). Under the Privacy Act, an individual may request an amendment to his record. 5 U.S.C. § 552a(d)(1). If the agency "refuses to make an amendment in accordance with . . . [the] request," an individual may seek a review of such refusal. 5 U.S.C. § 552a(d)(3). If an agency refuses to amend its records or fails to maintain its records accurately, an individual may file a civil action under the Privacy Act. 5 U.S.C. § 552a(g).

The statute further provides that "[t]he head of any agency may promulgate rules . . . to exempt any system of records within the agency" from the requirements of the Act including § 552a(e). See Parks v. Bureau of Prisons, No. 7:06-CV-00131, 2006 WL 771718 (W.D. Va. March 23, 2006); 5 U.S.C. § 552a(j). The BOP exempted the "central files" of inmates from the accuracy provisions of subsection (e)(5) of the Privacy Act. Parks at 1; 28 C.F.R. § 16.97(j). The BOP also exempted itself from the access and amendment requirements, and the civil remedies with respect

to inmate records. See Jackson v. Federal Bureau of Prisons, 538 F.Supp.2d 194, 199 (D.D.C. 2008)(citing 28 C.F.R. § 16.97(a)(4)). Because the plaintiff's claim falls under the exempted sections, his Privacy Act claim necessarily fails. Even if the plaintiff's claim did not fall under the exempted sections of the Act, the staff reviewed his records, and the information he challenges has been noted in his IFC. [Dckt 24 at Ex. 1].

**C. Adverse Determinations**

    1. PSF Classification

The plaintiff claims the defendant inappropriately applied the sex offender PSF in determining his classification score. [Dckt 1]

A sex offender PSF Classification may be applied "if the Presentence Investigation Report (PSR), or other official documentation, clearly indicates" certain behavior prior to or during confinement including "[a]ny sexual contact with a minor." [Dckt 24 Ex. 1, Attach. C, P.S. 5100.08, Inmate Security Designation and Custody Classification, ch. 5 at 10]. A conviction is not required for the application of the PSF. *Id.*

The plaintiff's PSR states that when the plaintiff was arrested, officers found him naked in bed with a minor who also was nude. [Dckt 24 Ex. 1, Wahl Decl.] The plaintiff was arrested and convicted for Corrupting the Morals of Minors. [Dckt 24 Ex. 1, Wahl Decl.] The behavior noted in the plaintiff's PSR clearly indicates behavior requiring the application of the sex offender PSF Classification.

    2. Security & Custody Classification

The plaintiff claims the defendant gave him an inappropriate security and custody classification level based on the application of the Sex Offender PSF. The plaintiff alleges that

because his "custody classification level is not scored in accordance with Federal Bureau of Prisons Regulations and Program Statements" the principles of due process are violated. [Dckt 28 at 7]

Due process requires that no person be deprived of "life, liberty, or property, without due process of law." U.S. Const. amend. V and XIV, §1. Before it can be determined that the due process clause was violated, it must be determined that a liberty interest was at stake. Sandin v. Connor, 515 U.S. 472 (1995). It is well-established that a prisoner has no cognizable liberty interest in a particular custody classification. Watts v. Federal Bureau of Prisons, No. 7:05-cv-00601, 2006 WL 240787 (W.D.Va. 2006). Because no cognizable liberty interest is implicated, the plaintiff fails to state a claim.

### 3. Sex Offender Notification and Registration Program

The plaintiff claims that as a result of the Sex Offender PSF, the defendant has attempted to have the plaintiff register as a sex offender upon his release. [Dckt 28 at 5]

The Attorney General was authorized to designate offenses as sexual offenses under 18 U.S.C. § 4042. The Attorney General delegated that authority to the Director of the BOP. [Dckt 24, Attach. E, P.S. 5141.02] The BOP Program Statement 5141.02 states that "[i]ndividuals whose PSF is based on behavior which did not result in a conviction for a sexual offense" are excepted from the Sex Offender Notification and Registration Program. [Dckt 24, Attach. E, P.S. 5140.02 at 6].

The plaintiff was convicted for corrupting the morals of a minor, which is not a designated sexual offense. [Dckt 24, Attach E at 3-6] Further, application of the Sex Offender PSF was based on "behavior that did not result in a conviction for a sexual offense," and thus is exempt from the Sex Offender Notification and Registration Program. Accordingly, the plaintiff's claim is moot.

### 4. Denied Access to Inmate E-mail System

To the extent that the plaintiff is attempting to raise a <u>Bivens</u> claim for violation of his First Amendment rights, the same fails. The plaintiff alleges that he was temporarily denied access from the TRULINKS inmate e-mail program as a result of the application of the Sex Offender PSF. The plaintiff fails to state a claim, however, because prisoners have no First Amendment constitutional right to access the inmate e-mail program. <u>Rueb v. Zavaras</u>, 2011 WL 839320 (D.Colo. 2001).

### III. Recommendation

For the reasons stated, the undersigned recommends that the plaintiff's Motion for Default Judgment [Dckt. 28] be **DENIED** as moot, the defendant's Motion to Dismiss or, in the alternative, Motion for Summary Judgment [Dckt. 23] be **GRANTED**, and the plaintiff's complaint be **DISMISSED** for failure to state a claim.

Within **fourteen (14) days** after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk, written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied,</u> 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the

*pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: July 22, 2011.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE