IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WILLIAM GRAYSON,

    Plaintiff,

v.                                           Civil Action No. 5:11CV2
                                                                       (STAMP)

FEDERAL BUREAU OF PRISONS,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

The pro se[1] plaintiff, William Grayson, commenced this civil action by filing a complaint pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), alleging that the defendant, the Federal Bureau of Prisons ("BOP"), is maintaining false information in his Inmate Central File ("ICF") which labels him as a sex offender and requires him to register as a sex offender upon his release, in violation of the Privacy Act, 5 U.S.C. § 552a(e).[2] The plaintiff further alleges that the BOP's inappropriate use of the sex offender categorization resulted in an

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

[2] In the complaint, the plaintiff names Warden Kuma Deboo as the defendant. However, in an order dated March 18, 2011, the Court substituted the Federal Bureau of Prisons as the appropriate defendant in this case, pursuant to 5 U.S.C. § 552a(g)(1). Kuma Deboo was then terminated as a defendant in this case.

upward adjustment to his security and custody classification and the application of a Public Safety Factor ("PSF").  In his request for relief, the plaintiff seeks monetary damages in excess of one million dollars, the removal of the false information from his ICF, an adjustment to his custody classification points, and the removal of the PSF.

The case was referred to United States Magistrate Judge John S. Kaull for initial review and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.01 and 28 U.S.C. §§ 1915(e) and 1915A.  After conducting a preliminary review of the complaint, Magistrate Judge Kaull issued an order to answer.  In response to that order, the defendant filed a motion to dismiss, or, in the alternative, for summary judgment.  The Court then issued a Roseboro notice, advising the plaintiff of his right to respond to the defendant's motion.  Subsequently, the plaintiff filed a motion for default or, in the alternative, for summary judgment.

The magistrate judge issued a report and recommendation recommending that the plaintiff's motion for default judgment be denied as moot, that the defendant's motion to dismiss, or, in the alternative, for summary judgment be granted, and that the plaintiff's complaint be dismissed for failure to state a claim. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his

proposed findings and recommendations within fourteen days after being served with a copy of the magistrate judge's recommendation. The plaintiff filed timely objections to the report and recommendation. For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff filed timely objections to certain findings of the magistrate judge, this Court reviews de novo those portions of the report and recommendation.

## III. Discussion

In its motion to dismiss or, in the alternative, for summary judgment, the defendant argues: (1) the plaintiff's Privacy Act claim fails because the BOP has exempted inmate records from the relevant provisions of the Privacy Act; (2) the plaintiff's challenge to the accuracy of the information has been noted in his ICF; (3) the application of a sex offender PSF is appropriate given the plaintiff's prior conviction for corrupting the morals of

minors; (4) the plaintiff cannot establish a due process violation because he has no liberty interest in a particular custody classification; and (5) the plaintiff is not subject to the Sex Offender Notification and Registration Program as a result of the application of a PSF because his conviction was not for a designated sexual offense.

In his motion for default or, in the alternative, for summary judgment, the plaintiff first argues that default under Rule 55(a) of the Federal Rules of Civil Procedure is appropriate because the defendant failed to respond within sixty days of the Court's order to answer.  Next, the plaintiff argues that the corrective notation in his ICF is insufficient to remove the stigma created by the sex offender PSF classification -- a classification which the plaintiff contends should never have been applied to his offense. Additionally, the plaintiff contends that due to his heightened custody classification level, he was denied access to certain programs offered to other prisoners, specifically, the TRULINCS inmate email program.[3]

The defendant filed a response to the plaintiff's motion for default judgment in which it argues that the plaintiff does not

---

[3]The Trust Fund Limited Inmate Computer System ("TRULINCS") is a new program currently being deployed by the BOP to provide inmates with some limited computer access, to include the capability to send and receive electronic messages without having access to the Internet.  See Federal Bureau of Prisons, TRULINCS FAQS, http://www.bop.gov/inmate_programs/trulincs_faq.jsp.

4

have a constitutional right to access the inmate email program. Thus, according to the defendant, the plaintiff's temporary denial of access to TRULINCS is not a constitutional violation.

The report and recommendation issued by the magistrate judge addresses each of these arguments. First, the magistrate judge concludes that default judgment under Rule 55(a) is inappropriate because the defendant's answer was timely made. The magistrate judge goes on to note that even if the defendant had failed to timely respond, the plaintiff has not met the evidentiary burden required of a Rule 55(a) default. See Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

Next, the magistrate judge turns to the plaintiff's Privacy Act claim, finding that because the plaintiff's claim falls under the exempted sections of the Privacy Act, the claim must fail. See 28 C.F.R. § 16.97(j). Further, the magistrate judge explains that even if the plaintiff's claim did not fall under the exempted sections of the Privacy Act, the staff reviewed his records, and the information he challenges has been noted in his ICF.

Finally, the magistrate judge discusses the four adverse determinations raised by the plaintiff: (1) the PSF classification; (2) the security and custody classification; (3) the Sex Offender

Notification and Registration Program; and (4) the denied access to TRULINCS. Ultimately, the magistrate judge concludes: (1) the behavior noted in the plaintiff's presentence report indicates that the application of the sex offender PSF classification is appropriate; (2) the plaintiff has no cognizable liberty interest in a particular custody classification; (3) the plaintiff is exempt from the Sex Offender Notification and Registration Program; and (4) the plaintiff has no First Amendment constitutional right to access to the inmate email program.

In his objections, the plaintiff first argues that the magistrate judge erred in holding that the application of the sex offender PSF classification is appropriate. The plaintiff contends that his ICF states that he was convicted of "sex with a minor" or "simple assault," when in fact, he was convicted of "corrupting the morals of a minor." The plaintiff seeks to have this false information removed.

Assuming the plaintiff's allegations to be true -- that the description of his offense of conviction in his ICF is inaccurate -- this Court finds that the plaintiff's claim must fail because the central files of inmates are exempt from the accuracy provisions of the Privacy Act. See 28 C.F.R. § 16.97(j) ("The following system of records is exempted pursuant to 5 U.S.C. § 552a(j) from subsections (e)(1) and (e)(5): Bureau of Prisons Inmate Central Records System, (Justice/BOP-005)."); Parks v.

Bureau of Prisons, No. 7:06-CV-00131, 2006 WL 771718, at *1 (W.D. Va. Mar. 23, 2006).  Thus, the BOP is under no duty to maintain accurate ICFs.  Further, as the magistrate judge noted, the plaintiff's challenges to his records have been included in his ICF.  (Wahl Decl. ¶¶ 9-12); (Def.'s Mot. to Dismiss Ex. 1 Attach. A.)

Next, the plaintiff objects to the magistrate judge's finding that the behavior noted in his presentence report requires the application of the sex offender PSF classification.  The plaintiff argues that the defendant was negligent in applying the sex offender PSF to him because he was never arrested and/or charged with an actual sex offense.  The plaintiff explains the circumstances which led to the charge of corrupting the morals of a minor -- he was discovered in bed naked with a fifteen-year-old female who was also naked.  According to the plaintiff, there is no record of any type of sexual contact or attempt at sexual contact and therefore the assignment of the sex offender PSF contradicts BOP regulations.

As the report and recommendation explains, a sex offender PSF classification may be applied "if the Presentence Investigation Report (PSR), or other official documentation, clearly indicates" certain behavior prior to or during confinement including "[a]ny sexual contact with a minor."  (P.S. 5100.08, Inmate Security Designation and Custody Classification, ch. 5 at 10.)  A conviction

7

is not required for the application of the sex offender PSF.  Id. The plaintiff admits to being found naked in bed with a minor and subsequently being convicted of corrupting the morals of minors. This Court finds that this behavior, as noted in the presentence report, requires the application of the sex offender PSF, pursuant to Program Statement P5100.08.  (Def.'s Mot. to Dismiss Ex. 1 Attach. C); see also Delco v. Roy, No. C-11-029, 2011 WL 4948886, at *1 (S.D. Tex. Oct. 17, 2011) (discussing the application of a sex offender PSF to the petitioner for his conviction of enticing a juvenile away from her home).

The plaintiff's objections do not address the magistrate judge's findings regarding the timeliness of the defendant's response, the security and custody classification, the inapplicability of the Sex Offender Notification and Registration Program, or the inmate email program.  In reviewing these claims, this Court agrees that the plaintiff has no cognizable liberty interest in a particular custody classification. Watts v. Federal Bureau of Prisons, No. 7:05-cv-00601, 2006 WL 240787, at *1 (W.D. Va. Jan. 31, 2006).  Also, this Court concurs that prisoners have no First Amendment constitutional right to access email. Rueb v. Zavaras, No. 09-cv-02817, 2011 WL 839320, at *6 (D. Colo. Mar. 7, 2011).  For these reasons, the plaintiff's claims regarding his security and custody classification and his denied access to TRULINCS must be denied.  Because the plaintiff is exempt from the

Sex Offender Notification and Registration Program, his claim that he should not be required to register as a sex offender upon his release can be denied as moot. This Court finds no clear error in these findings of the magistrate judge, and thus, they are upheld.

## IV.  Conclusion

For the reasons stated above, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, it is ORDERED that the plaintiff's motion for default judgment (ECF NO. 28) be DENIED AS MOOT, the defendant's motion to dismiss, or, in the alternative, for summary judgment (ECF No. 23) be GRANTED, and the plaintiff's complaint (ECF No. 1) be DISMISSED for failure to state a claim. It is further ORDERED that this case be STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within thirty (30) days after the date of the entry of the judgment order. Fed. R. App. P. 4(a)(1). He is further advised that a certificate of appealability is not required for a federal prisoner proceeding under 42 U.S.C. § 1983 or Bivens.  See 28 U.S.C. § 2254(c) (certificate of appealability is required in a § 2255 proceeding or in a habeas corpus proceeding in which the detention complained of

arises from process issued by a State court); see also Fed. R. App. P. 22; <u>Drax v. Reno</u>, 338 F.3d 98, 106 n. 12 (2d Cir. 2003).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the plaintiff by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    February 6, 2012

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE